STATE OF CONNECTICUT *v.* MICHAEL L. DAVIS
(AC 20124)

Dranginis, Flynn and McDonald, Js.

Argued January 23—officially released March 26, 2002

*Michael L. Moscowitz*, special public defender, for the appellant (defendant).

*Ronald G. Weller*, assistant state's attorney, with whom, on the brief, were *John A. Connelly*, state's attorney, and *Eva Lenczewski*, senior assistant state's attorney, for the appellee (state).

*Opinion*

FLYNN, J. The defendant, Michael L. Davis, appeals from the judgment of conviction, rendered after a jury trial, of conspiracy to possess a narcotic substance with the intent to sell in violation of General Statutes §§ 53a-

48[1] and 21a-277 (a).[2] The defendant was found not guilty of transportation of a narcotic substance with the intent to sell in violation of General Statutes § 21a-277 (a), possession of a narcotic substance with the intent to sell in violation of § 21a-277 (a), transportation of a narcotic substance with the intent to sell within 1500 feet of a school in violation of General Statutes § 21a-278a (b) and possession of a narcotic substance with the intent to sell within 1500 feet of a school in violation of General Statutes § 21a-278a (b).

On appeal, the defendant raises two issues. First, the defendant claims that there was insufficient evidence before the jury to permit it to find him guilty of conspiracy to possess a narcotic substance with the intent to sell in violation of §§ 53a-48 and 21a-277 (a). Second, the defendant claims that it was illogical for the jury to convict him of the charge when the jury acquitted him of all the other charges. Because we conclude that there was sufficient evidence for the jury to find that the state proved each of the elements of the conspiracy count while finding that the state failed to prove one or more necessary elements of the remaining charges, we affirm the judgment of the trial court.

The jury reasonably could have found the following facts. Between September and November, 1997, the defendant was involved in a drug trafficking operation

---

[1] General Statutes § 53a-48 (a) provides: "A person is guilty of conspiracy when, with intent that conduct constituting a crime be performed, he agrees with one or more persons to engage in or cause the performance of such conduct, and any one of them commits an overt act in pursuance of such conspiracy."

[2] General Statutes § 21a-277 (a) provides in relevant part: "Any person who manufactures, distributes, sells, prescribes, dispenses, compounds, transports with the intent to sell or dispense, possesses with the intent to sell or dispense, offers, gives or administers to another person any controlled substance which is a hallucinogenic substance other than marijuana, or a narcotic substance, except as authorized in this chapter . . . shall be imprisoned . . . and may be fined . . . or be both fined and imprisoned . . . ."

with Kevin Lucas, Yolanda Crespo and Michelle Yorker in the Waterbury area. On November 24, 1997, Waterbury police observed the defendant, Lucas and Crespo enter the defendant's car in an area known for its drug activity. Pursuant to a warrant, the police stopped the vehicle and arrested the occupants. At that time, the police seized seven glassine bags of heroin with the stamp "death row" on them. At approximately the same time, the police executed a search warrant at 415 Willow Street, which was suspected to be the home base of the drug operation. As a result of that search, the police seized eighty separately packaged baggies of cocaine and a large rock of cocaine. The police also seized various drug paraphernalia, including a digital scale and sandwich bags with the corners cut off, which are commonly used in the packaging and sale of drugs.

At trial, both Yorker and Crespo testified for the state. Yorker testified that she entered into an agreement with Lucas whereby she allowed him to use her apartment in exchange for paying her rent. On two occasions, she saw the defendant in her apartment assisting Lucas in cutting and packaging drugs. She also testified that the defendant drove Lucas in his car to a location to sell drugs.

Crespo testified that she sold drugs for Lucas and that the defendant often drove her and provided protection for her as she made the sales. On one occasion, she gave the defendant $500 from her drug sales to hold for Lucas. Crespo also testified that she saw the defendant assisting Lucas in the apartment by tying up the baggies that Lucas was filling with drugs. She testified that the defendant would drive Lucas to the train station for the purpose of traveling to New York to purchase drugs. When Lucas returned from New York, the defendant would pick him up.

The jury returned a verdict of guilty of conspiracy to possess a narcotic substance with the intent to sell in

violation of §§ 53a-48 and 21a-277 (a). Thereafter, the defendant was sentenced to fourteen years in the custody of the commissioner of correction. This appeal followed.

I

First, the defendant claims that the state failed to present sufficient evidence to support his conviction of conspiracy to possess a narcotic substance with intent to sell. We do not agree.

"In reviewing claims of insufficiency of the evidence, an appellate court employs a two part analysis. First, we construe the evidence in the light most favorable to sustaining the verdict. Second, we determine whether upon the facts so construed and the inferences reasonably drawn therefrom the jury reasonably could have concluded that the cumulative force of the evidence established guilt beyond a reasonable doubt. . . .

"[T]he inquiry into whether the record evidence would support a finding of guilt beyond a reasonable doubt does not require a court to ask itself whether it believes that the evidence . . . established guilt beyond a reasonable doubt. . . . Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. . . . We do not sit as a [seventh] juror who may cast a vote against the verdict based upon our feeling that some doubt of guilt is shown by the cold printed record." (Internal quotation marks omitted.) *State* v. *Corbin*, 61 Conn. App. 496, 517–18, 765 A.2d 14, cert. granted on other grounds, 256 Conn. 910, 911, 772 A.2d 1124, 1125 (2001).

"To sustain a conviction under § 53a-48 (a), the state needs to prove beyond a reasonable doubt (1) that a defendant intended that conduct constituting a crime

be performed, (2) that he agreed with one or more persons to engage in or cause the performance of such conduct and (3) that he or any one of those persons committed an overt act in pursuance of such conspiracy. General Statutes § 53a-48 (a)." *State* v. *Vasquez*, 68 Conn. App. 194, 209, 792 A.2d 856 (2002). "While the state must prove an agreement, the existence of a formal agreement between the conspirators need not be proved because [i]t is only in rare instances that conspiracy may be established by proof of an express agreement to unite to accomplish an unlawful purpose. . . . [T]he requisite agreement or confederation may be inferred from proof of the separate acts of the individuals accused as coconspirators and from the circumstances surrounding the commission of these acts." (Citation omitted; internal quotation marks omitted.) *State* v. *Conde*, 67 Conn. App. 474, 491, 787 A.2d 571 (2001), cert. denied, 259 Conn. 927, 793 A.2d 251 (2002).

"Conspiracy is a specific intent crime, with the intent divided into two elements: (a) the intent to agree or conspire and (b) the intent to commit the offense which is the object of the conspiracy. . . . To sustain a conviction for conspiracy to commit a particular offense, the prosecution must show not only that the conspirators intended to agree but also that they *intended to commit the elements of the offense.*" (Emphasis in original; internal quotation marks omitted.) *State* v. *Beccia*, 199 Conn. 1, 3–4, 505 A.2d 683 (1986). Possession with intent to sell cocaine in violation of § 21a-277 (a) requires a specific intent to sell, including not just delivery of narcotics which is paid for in cash by someone else, but also other forms of actual or attempted transfer from one person to another. See D. Borden & L. Orland, 5 Connecticut Practice Series: Connecticut Criminal Jury Instructions (2d Ed. 1997) § 15.3, p. 690.

After carefully reviewing the evidence adduced at trial, we conclude that there was ample evidence, both

direct and circumstantial, to prove beyond a reasonable doubt that the defendant entered into a conspiracy to possess a narcotic substance with intent to sell. The defendant was actively involved in the scheme by acting as a driver, providing protection for Crespo while she sold drugs and helping in the packaging of the drugs. "An overt act is an essential ingredient of the crime of conspiracy; it may be committed by either coconspirator. . . . Furthermore, [t]he size of a defendant's role does not determine whether that person may be convicted of conspiracy charges. Rather, what is important is whether the defendant willfully participated in the activities of the conspiracy with knowledge of its illegal ends. . . . Participation in a single act in furtherance of the conspiracy is enough to sustain a finding of knowing participation." (Citation omitted; internal quotation marks omitted.) *State* v. *Fuller*, 58 Conn. App. 567, 580, 754 A.2d 207, cert. denied, 254 Conn. 918, 759 A.2d 1026 (2000).

Viewing the evidence in the light most favorable to sustaining the verdict, we conclude that the evidence presented to the jury was sufficient to have permitted it to find that the defendant knowingly entered into a conspiracy to possess a narcotic substance with the intent to sell. The eighty bags of contraband cocaine that were seized were packaged in a manner permitting the inference that they were intended for sale and not personal use. There was evidence that Lucas obtained supplies of the narcotics from New York and that the defendant drove Lucas to and from the train station when he left and returned with the contraband. Yorker's apartment was regularly used for the packaging and distribution of the drugs and the defendant participated in the cutting and packaging. The defendant transported at least one of the street dealers to her assigned location and protected her while she sold the drugs. On one occasion, the defendant took cash proceeds from a

street dealer and transmitted them to Lucas. All of this was evidence of an agreement between the defendant and Lucas and others to possess or exercise dominion or control over a narcotic substance with a knowledge of its presence and narcotic character and with the specific intent to sell it to others or to deliver it, and of the overt acts taken in furtherance of the illegal conspiracy.

## II

The defendant next claims that the guilty verdict was illogical in light of the not guilty verdict on the remaining charges. This claim has no merit.

The defendant concedes that the verdict is not inconsistent but asserts that it is illogical because the jury's conclusion was not reasonably and logically reached. The gravamen of the defendant's claim is that it is illogical for the jury to have found him guilty of conspiracy to possess a narcotic substance with intent to sell while finding him not guilty of transportation of a narcotic substance with intent to sell, possession of a narcotic substance with intent to sell, transportation of a narcotic substance with the intent to sell within 1500 feet of a school and possession of a narcotic substance with intent to sell within 1500 feet of a school.

"While an inconsistent verdict is not objectionable in itself, its inconsistency may be considered insofar as it supports a claim that the jury's conclusion was not reasonably and logically reached." (Internal quotation marks omitted.) *State* v. *Weiner*, 61 Conn. App. 738, 746–47, 767 A.2d 1220, cert. denied, 256 Conn. 902, 772 A.2d 600 (2001). With this in mind, however, "a defendant can be not guilty of a substantive crime and guilty of conspiring to commit the substantive crime. Conspiracy has long been recognized as an offense separate and distinct from the commission of the substantive offense. . . . The commission of the substantive

offense and a conspiracy to commit it are separate and distinct crimes." (Citations omitted; internal quotation marks omitted.) *State* v. *Bush*, 33 Conn. App. 253, 263, 635 A.2d 820 (1993), cert. denied, 228 Conn. 923, 638 A.2d 37 (1994).

In this case, the jury reasonably could have found the defendant not guilty on counts two, three, four and five because the state failed to prove some necessary elements of each of these crimes, which were not necessary to be proved to convict the defendant of conspiracy to possess narcotics with intent to sell.

For example, with regard to count two, it is possible that the jury was left with a reasonable doubt as to whether the state had proved that the defendant had exercised such knowing dominion or control over the drugs to constitute possession. That is a necessary element of both simple possession or possession with intent to sell narcotics, but is not a necessary element of conspiracy to possess narcotics with intent to sell. See *State* v. *Walton*, 227 Conn. 32, 53, 630 A.2d 990 (1993). With respect to count three, the jury may have been left with reasonable doubt that the defendant had actually transported the drugs although he had agreed and conspired to do so. The jury could have found that other members of the conspiracy possessed or transported the drugs. With respect to counts four and five, the jury reasonably could have determined that the state failed to prove that the place of the proposed transactions that had been agreed upon, or the necessary transportation to that point, occurred within 1500 feet of a school, a necessary element of both of the those crimes but not of the crime charged in count one.

There was sufficient evidence to convict the defendant on count one, and it was not illogical for the jury to reach a not guilty verdict on the remaining charges.

See *State* v. *DeCaro*, 252 Conn. 229, 242–45, 745 A.2d 800 (2000).

The judgment is affirmed.

In this opinion the other judges concurred.