STATE OF CONNECTICUT *v.* SUSAN RENEE CUSTER
(AC 28649)

Harper, Lavine and West, Js.

Argued September 8—officially released October 21, 2008

*Richard S. Cramer,* for the appellant (defendant).

*Raheem L. Mullins,* deputy assistant state's attorney, with whom, on the brief, were *Gail P. Hardy,* state's attorney, and *Anthony J. Spinella,* assistant state's attorney, for the appellee (state).

*Opinion*

WEST, J. The defendant, Susan Renee Custer, appeals from the judgment of conviction, rendered after a trial to the court, of operating a motor vehicle while under

the influence of intoxicating liquor or drugs in violation of General Statutes (Rev. to 2005) § 14-227a.[1] On appeal, the defendant claims that the court improperly found her to be ineligible for the pretrial alcohol education program (program) because she failed to meet the requirements of General Statutes § 54-56g.[2] Specifically, the defendant claims (1) that the court misconstrued § 54-56g (f)[3] by finding her to be a holder of a commercial driver's license at all times relevant within the meaning of that subsection and thus precluded from the program and (2) that the court misconstrued § 54-56g (a) (1) in finding that she had invoked the program

[1] General Statutes (Rev. to 2005) §14-227a (a) provides in relevant part: "No person shall operate a motor vehicle while under the influence of intoxicating liquor or any drug or both. A person commits the offense of operating a motor vehicle while under the influence of intoxicating liquor or any drug or both if such person operates a motor vehicle . . . (1) while under the influence of intoxicating liquor or any drug or both, or (2) while such person has an elevated blood alcohol content. . . ."

[2] General Statutes § 54-56g (a) provides in relevant part: "There shall be a pretrial alcohol education system for persons charged with a violation of section 14-227a, 14-227g, 15-133, 15-140l or 15-140n. Upon application by any such person for participation in such system and payment to the court of an application fee of fifty dollars and a nonrefundable evaluation fee of one hundred dollars, the court shall, but only as to the public, order the court file sealed, provided such person states under oath, in open court or before any person designated by the clerk and duly authorized to administer oaths, under penalties of perjury that: (1) If such person is charged with a violation of section 14-227a, such person has not had such system invoked in such person's behalf within the preceding ten years for a violation of section 14-227a . . . ."

[3] Effective July 1, 2006, Public Acts 06-130, § 21, revised General Statutes § 54-56g (f) to provide that "[t]he provisions of this section shall not be applicable in the case of any person charged with a violation of section 14-227a while operating a commercial motor vehicle, as defined in section 14-1, or who is the holder of a commercial driver's license, as defined in section 14-1." Unless otherwise noted, throughout this opinion, references to § 54-56g (f) are to the statute as amended by Public Acts 06-130, § 21.

We note that this subsection was again amended, by Public Acts 07-167, § 42, to remove the language limiting the eligibility of holders of commercial driver's licenses from participation in the pretrial alcohol education program. This change, however, occurred after the disposition of this matter at trial, and, therefore, the previous provision applies in this appeal.

within the previous ten years and was thus ineligible.[4] We affirm the judgment of the trial court.

The following facts and procedural history are relevant for our resolution of the defendant's appeal. From the exhibits and stipulations entered at trial, the court reasonably could have found the following facts.[5] On September 17, 2006, the defendant was arrested by South Windsor police for operating a motor vehicle while under the influence of intoxicating liquor or drugs in violation of §14-227a. At the time of her arrest, the defendant was the holder of a commercial driver's license. On October 27, 2006, the defendant applied to the court for entry into the program under § 54-56g. The court found her to be ineligible on November 30, 2006. The court determined that she was statutorily ineligible because she had invoked the program within the previous ten years.

On December 28, 2006, the defendant voluntarily caused the rescission of her commercial driver's license by returning it to the department of motor vehicles. On January 11, 2007, the defendant filed a motion for reconsideration of the denial of her admittance into the program. On March 15, 2007, the court denied the motion, finding that the defendant at the time of her arrest had possessed a commercial driver's license and was therefore not eligible for the program under the then applicable statute. That same day, the court found her guilty of operating a motor vehicle while under the influence of intoxicating liquor or drugs and imposed a sentence of six months incarceration, execution suspended, eighteen months probation and 100 hours of community service. This appeal followed. Further facts will be put forth as necessary.

---

[4] Because the resolution of the plaintiff's first issue is dispositive of the appeal, we do not reach this remaining claim.

[5] On March 15, 2007, the parties filed a joint stipulation with the trial court.

The defendant claims that the court improperly found her to be ineligible for the program because she was a holder of a commercial driver's license at the time she was charged with violating § 14-227a. We disagree.

At the outset, we identify the standard of review and applicable legal principles that guide our resolution of the defendant's claim. In resolving the defendant's claim as to the court's construction of § 54-56g (f), we must interpret this provision in conjunction with other provisions of that statute to determine its proper application in the present case. See *Peck* v. *Milford Hunt Homeowners Assn., Inc.*, 110 Conn. App. 88, 94, 953 A.2d 951 (2008). "Issues of statutory construction present questions of law, over which we exercise plenary review." (Internal quotation marks omitted.) *Benson* v. *Zoning Board of Appeals*, 89 Conn. App. 324, 329, 873 A.2d 1017 (2005).

"The process of statutory interpretation involves the determination of the meaning of the statutory language as applied to the facts of the case, including the question of whether the language does so apply. . . . When construing a statute, [o]ur fundamental objective is to ascertain and give effect to the apparent intent of the legislature. . . . In other words, we seek to determine, in a reasoned manner, the meaning of the statutory language as applied to the facts of [the] case, including the question of whether the language actually does apply. . . . In seeking to determine that meaning, General Statutes § 1-2z directs us first to consider the text of the statute itself and its relationship to other statutes. If, after examining such text and considering such relationship, the meaning of such text is plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be considered." (Citation omitted; internal quotation marks omitted.) *Alvord Investment, LLC* v. *Zoning*

*Board of Appeals*, 282 Conn. 393, 401–402, 920 A.2d 1000 (2007).

We start by quoting the pertinent statutory text. "The provisions of [§ 54-56g] shall not be applicable in the case of any person charged with a violation of section 14-227a while operating a commercial motor vehicle, as defined in section 14-1, or who is the holder of a commercial driver's license, as defined in section 14-1." General Statutes § 54-56g (f). The only issue we must decide[6] is whether the court misconstrued this subsection of the statute by finding the defendant to be ineligible for the program because she was a holder of a commercial driver's license when charged with violating § 14-227a. We conclude that the court properly interpreted the statute.

The defendant argues that when she appeared in court on March 15, 2007, and requested entry into the program by way of a motion for reconsideration of denial of entry into the program, she was not the holder of a commercial driver's license as a result of her voluntary relinquishment of her commercial driver's license on December 28, 2006.[7] The defendant contends that the plain meaning of the term "charged" in the subsection at issue is distinct from arrest. She asserts that "charged" has a dynamic meaning in that a person who is charged with a crime remains charged from arrest to disposition of the matter. The defendant contends that on March 15,

[6] As noted previously, the defendant also claims that the court improperly found that she had invoked the program within the previous ten years and was thus ineligible for the program on this ground. As we conclude that the issue concerning § 54-56g (f) is dispositive, we do not reach this claim.

[7] We note that the defendant has stipulated not only that she was a holder of a commercial driver's license on the date of her arrest and one full month later on the date of the filing of her original application to the court for admission into the program but also that she maintained that license until December 28, 2006, nearly one month after the court first denied her entry into the program, albeit for the reason of the ten year prohibition.

2007, she stood before the court, charged with violating § 14-227a, but *not* as a holder of a commercial driver's license. Consequently, she asserts, the court misconstrued the term "charged" as it applied to her in those circumstances and wrongly found her to be ineligible for the program.

The defendant also disputes the court's interpretation of the phrase "who is a holder" in the subsection at issue. The defendant contends that this phrase is ambiguous in that it fails to delineate a specific time when this provision should apply. The defendant argues that the statute reasonably could be interpreted to refer to someone who is the holder of a commercial driver's license *at the time of application* for the program, a parameter, she contends, that was met on her March 15, 2007 reapplication. Moreover, the defendant contends that as a result of this alleged ambiguity in the language of the statute, the rule of lenity should apply, and, therefore, this provision should not serve as a bar to her admission into the program.[8]

The first step in statutory analysis is to examine the relevant language of § 54-56g (f) to determine whether it is plain and unambiguous. In determining whether statutory language is plain and unambiguous, we look to the text itself and its relationship to other statutes. "The test to determine ambiguity is whether the statute, when read in context, is susceptible to more than one reasonable interpretation." *Carmel Hollow Associates Ltd. Partnership* v. *Bethlehem*, 269 Conn. 120, 134 n.19, 848 A.2d 451 (2004). We conclude that § 54-56g (f) is not susceptible to more than one reasonable interpretation.

---

[8] The rule of lenity provides that penal laws generally are to be construed strictly against the state. See *State* v. *King*, 249 Conn. 645, 681, 735 A.2d 267 (1999) (criminal statutes not to be read more broadly than language plainly requires and ambiguities ordinarily to be resolved in favor of defendant).

Therefore, neither branch of the defendant's argument of misconstruction bears fruit.

First, the contention that "charged" is a dynamic term and, therefore, that the defendant stood before the court at the time she reapplied for the program on March 15, 2007, charged with violating § 14-227a, but *not* a holder of a commercial driver's license is unpersuasive. Resolution of this issue turns on the meaning of the statutory phrase "charged with a violation of section 14-227a . . . who is the holder of a commercial driver's license . . . ." General Statutes § 54-56g (f).

Although the word "charged" is not defined in the statute, it is clear that "[i]n the construction of the statutes, words and phrases shall be construed according to the commonly approved usage of the language; and technical words and phrases, and such as have acquired a peculiar and appropriate meaning in the law, shall be construed and understood accordingly." General Statutes § 1-1 (a). Accordingly, "[i]f a statute or regulation does not sufficiently define a term, it is appropriate to look to the common understanding of the term as expressed in a dictionary." *State* v. *Indrisano*, 228 Conn. 795, 809, 640 A.2d 986 (1994).

The word "charged" is defined as an "[a]ccusation of crime by complaint, indictment or information." Black's Law Dictionary (6th Ed. 1990). The fact that the defendant's status changed in regard to being a holder of a commercial driver's license while her status as one charged remained static is of no moment here. It is not disputed that the defendant was the holder of a commercial driver's license at the time of her arrest and at the time the state filed its original information, formally charging her with a violation of § 14-227a. These facts were stipulated by the defendant. Tellingly, § 54-56g (f) speaks not at all to the timing of the application to the program but merely to whether or not a

defendant was the holder of a commercial driver's license when charged with a violation of § 14-227a. Moreover, it expressly states that the program "shall not be applicable" to defendants who hold commercial driver's licenses when charged with violating § 14-227a. General Statutes § 54-56g (f). This provision applies to the defendant. As a result, on the basis of the plain language of the statute, the court properly denied the defendant entry into the program.[9]

As it is clear from the plain and unambiguous language of the statute that the intent of the legislature was to preclude from the program those defendants who were holders of commercial driver's licenses, the defendant's second assertion, which is that the statute could reasonably be interpreted to refer to someone who is the holder of a commercial license *at the time of application* for the program, also has no merit. This is readily apparent when the portion of the statute in question is read in conjunction with the previous clause of the statute.[10] This phrase fixes the time for determining preclusion from the program for operators of commercial vehicles, who under the law must be holders of commercial driver's licenses, not at the time of application to the program but at the time of the operation of the vehicle in question. To construe the statute to fix varying times for mere holders as opposed to operators would work an internal, illogical inconsistency in the statute that would lead to a patently uneven application. It would also serve to undermine the very purpose of the provision by allowing a holder of a commercial driver's license to avoid preclusion from the program by merely surrendering their commercial driver's

[9] We are not required to decide whether the defendant was "charged" when she was arrested. We leave that issue for another day.

[10] "The provisions of this section shall not be applicable in the case of any person charged with a violation of section 14-227a while operating a commercial motor vehicle, as defined in section 14-1 . . . ." General Statutes § 54-56g (f).

license. If the legislature intended this result, it would have explicitly provided for such.

Last, the defendant's reliance on the rule of lenity is misplaced. "[T]he touchstone of this rule of lenity is statutory ambiguity. . . . [W]e . . . [reserve] lenity for those situations in which a reasonable doubt persists about a statute's intended scope even after resort to the language and structure, legislative history, and motivating policies of the statute." (Internal quotation marks omitted.) *State* v. *Jason B.*, 248 Conn. 543, 555, 729 A.2d 760 (1999), cert. denied, 528 U.S. 967, 120 S. Ct. 406, 145 L. Ed. 2d 316 (1999); see also *State* v. *King*, 249 Conn. 645, 687 n.47, 735 A.2d 267 (1999). Because we conclude that there is no ambiguity in the relevant statutory provision, the rule of lenity has no application here. In sum, the court properly construed the provision in question.

The judgment is affirmed.

In this opinion the other judges concurred.