## STATE OF CONNECTICUT *v.* MARQUETTE TOWNS
### (AC 28223)

DiPentima, Harper and Hennessy, Js.

Argued February 2—officially released May 5, 2009

*Neal Cone*, senior assistant public defender, for the appellant (defendant).

*Melissa L. Streeto*, assistant state's attorney, with whom, on the brief, were *Michael Dearington*, state's attorney, and *Joseph R. LaMotta*, assistant state's attorney, for the appellee (state).

### Opinion

HENNESSY, J. The defendant, Marquette Towns, appeals from the judgment of conviction, rendered after a jury trial, of assault of an elderly person in the third degree in violation of General Statutes § 53a-61a (a) (1), attempt to commit larceny in the second degree in violation of General Statutes §§ 53a-49 (a) (2) and 53a-123 (a) (3), and attempt to commit escape from custody in violation of General Statutes §§ 53a-49 (a) (2) and 53a-171 (a) (1). On appeal, the defendant claims that (1) the evidence was insufficient to support his conviction of attempt to commit larceny in the second degree and assault of an elderly person in the third degree and (2) the trial court improperly instructed the jury on attempt to commit escape from custody. We affirm the judgment of the trial court.

The jury reasonably could have found the following facts. On the morning of October 13, 2005, the victim got off a bus and headed to her home while carrying a Kohl's department store shopping bag and her pocketbook. On the date of the incident, the victim was sixty-three years old. The defendant ran up behind the victim, grabbed her shoulders, spun her around and caused her to fall to her knees and elbows, which gave the victim a headache. The defendant ran a distance from the victim but then turned around to run toward the victim and "start[ed] to go down to grab . . . [the victim's] bag or her purse." An off-duty New Haven police officer, Hector Valentin, was driving by the scene during the incident. He testified that he made eye contact with the defendant, who then stood and walked away from the victim. Valentin identified himself as a police officer and told the defendant to stop. While Valentin was trying to secure the defendant, the defendant broke free and ran away. Meanwhile, the victim walked home and called 911. Police officers came to the area in response to the 911 call, joined Valentin in his search for the defendant and arrested the defendant for the felony of attempt to commit robbery, handcuffed the defendant and placed him in the back of one of the marked police cruisers. While the officers were transporting the defendant to the police station, the police car stopped at a traffic signal, and the defendant opened the back door of the police cruiser and started to exit the vehicle. The officers responded and pushed the defendant back into the car, but the defendant tried to kick the window out. The defendant was taken out of the vehicle and a transport wagon was called to take him to the police station.

The jury found the defendant guilty, and the court sentenced him to a total effective term of thirteen years imprisonment. This appeal followed. Additional facts will be set forth as necessary.

## I

The defendant first claims that the evidence was insufficient to support his conviction of attempt to commit larceny in the second degree and assault of an elderly person in the third degree. Specifically, the defendant claims that the evidence was insufficient as to the assault charge to establish that he intended to injure the victim and as to attempt to commit larceny to prove that he intended to take the victim's property. We do not agree.

"The standard of review employed in a sufficiency of the evidence claim is well settled. [W]e apply a two part test. First, we construe the evidence in the light most favorable to sustaining the verdict. Second, we determine whether upon the facts so construed and the inferences reasonably drawn therefrom the [finder of fact] reasonably could have concluded that the cumulative force of the evidence established guilt beyond a reasonable doubt. . . . This court cannot substitute its own judgment for that of the jury if there is sufficient evidence to support the jury's verdict." (Internal quotation marks omitted.) *State* v. *Owens*, 100 Conn. App. 619, 635, 918 A.2d 1041, cert. denied, 282 Conn. 927, 926 A.2d 668 (2007). "[I]n viewing evidence which could yield contrary inferences, the jury is not barred from drawing those inferences consistent with guilt and is not required to draw only those inferences consistent with innocence. The rule is that the jury's function is to draw whatever inferences from the evidence or facts established by the evidence it deems to be reasonable and logical." (Internal quotation marks omitted.) *State* v. *Morgan*, 274 Conn. 790, 801, 877 A.2d 739 (2005).

"[A]s we have often noted, proof beyond a reasonable doubt does not mean proof beyond all possible doubt . . . nor does proof beyond a reasonable doubt require acceptance of every hypothesis of innocence posed by

the defendant that, had it been found credible by the trier, would have resulted in an acquittal. . . . On appeal, we do not ask whether there is a reasonable view of the evidence that would support a reasonable hypothesis of innocence. We ask, instead, whether there is a reasonable view of the evidence that supports the jury's verdict of guilty. . . . Furthermore, [i]n [our] process of review, it does not diminish the probative force of the evidence that it consists, in whole or in part, of evidence that is circumstantial rather than direct. . . . It is not one fact, but the cumulative impact of a multitude of facts which establishes guilt in a case involving substantial circumstantial evidence." (Internal quotation marks omitted.) *State* v. *Silva*, 285 Conn. 447, 454, 939 A.2d 581 (2008), aff'd after remand, 113 Conn. App. 488, 966 A.2d 798 (2009). "We do not sit as a [seventh] juror who may cast a vote against the verdict based upon our feeling that some doubt of guilt is shown by the cold printed record." (Internal quotation marks omitted.) *State* v. *Davis*, 68 Conn. App. 794, 798, 793 A.2d 1151, cert. denied, 260 Conn. 920, 797 A.2d 518 (2002).

"It is well established that the question of intent is purely a question of fact. . . . Intent may be, and usually is, inferred from the defendant's verbal or physical conduct. . . . Intent may also be inferred from the surrounding circumstances. . . . The use of inferences based on circumstantial evidence is necessary because direct evidence of the accused's state of mind is rarely available. . . . Intent may be gleaned from circumstantial evidence such as . . . the events leading up to and immediately following the incident. . . . Furthermore, it is a permissible, albeit not a necessary or mandatory, inference that a defendant intended the natural consequences of his voluntary conduct. . . . This court has stated that [j]urors are not expected to lay aside matters of common knowledge or their own observations and

experiences, but rather, to apply them to the facts as presented to arrive at an intelligent and correct conclusion." (Citation omitted; internal quotation marks omitted.) *State* v. *Rose*, 112 Conn. App. 324, 329–30, 963 A.2d 68, cert. granted on other grounds, 290 Conn. 920, 966 A.2d 238 (2009).

Having set forth the general principles that govern our review of the claim, we next consider the claim as it relates to each crime at issue.

## A

We begin our analysis with a review of the relevant statutory provisions for assault of an elderly person in the third degree under § 53a-61a. The defendant was convicted of that crime because the jury found that he had "commit[ed] assault in the third degree under section 53a-61 and . . . the victim of such assault ha[d] attained at least sixty years of age . . . ." General Statutes § 53a-61a. The cross-referenced statute, General Statutes § 53a-61, provides in relevant part that a person is guilty of assault in the third degree when "[w]ith intent to cause physical injury to another person, he causes such injury to such person . . . ." General Statutes § 53a-61 (a). General Statutes § 53a-3 (11) provides that "[a] person acts 'intentionally' with respect to a result or to conduct described by a statute defining an offense when his conscious objective is to cause such result or to engage in such conduct . . . ." General Statutes § 53a-3 (3) defines "physical injury" as "impairment of physical condition or pain . . . ."

The evidence in this case was sufficient for the jury to find beyond a reasonable doubt that the defendant was guilty of assault of an elderly person in the third degree. The victim testified that she was sixty-three years old at the time of the incident and that falling to the ground caused her a severe headache. On the basis on their common knowledge, it was not unreasonable

for the jurors to find that her headache was painful. See *State* v. *Jimenez*, 74 Conn. App. 195, 207, 810 A.2d 848 (2002) (jury not expected to set aside common knowledge and life experience). Further, from the testimony of both the victim and Valentin, the jury reasonably could infer intent to injure from the defendant's running up behind the victim, grabbing the victim and causing her to fall. On the basis of the foregoing testimony, we conclude that the evidence was sufficient to prove beyond a reasonable doubt that the defendant was guilty of assault of an elderly person in the third degree.

## B

We next analyze the relevant statutes for attempt to commit larceny in the second degree. General Statutes § 53a-49 (a) provides in relevant part: "A person is guilty of an attempt to commit a crime if, acting with the kind of mental state required for commission of the crime, he . . . (2) intentionally does or omits to do anything which, under the circumstances as he believes them to be, is an act or omission constituting a substantial step in a course of conduct planned to culminate in his commission of the crime." General Statutes § 53a-123 (a) provides in relevant part: "A person is guilty of larceny in the second degree when he commits larceny as defined in section 53a-119, and . . . (3) the property . . . is taken from the person of another . . . ." General Statutes § 53a-119 provides in relevant part: "A person commits larceny when, with intent to deprive another of property or to appropriate the same to himself or a third person, he wrongfully takes, obtains or withholds such property from an owner . . . ."

The evidence presented to the jury was sufficient to prove the elements of attempt to commit larceny in the second degree. The jury reasonably could infer intent to deprive the victim of her property from the defendant's

having caused the victim to fall to the ground and then reaching toward her bag or purse. This reaching also reasonably could be inferred to have been a substantial step toward the defendant's taking of the victim's property. This evidence was sufficient to prove attempt to commit larceny in the second degree.

## II

The defendant's final claim is that the court improperly instructed the jury regarding the elements of the crime of attempt to escape from custody. Specifically, he argues that the court improperly omitted the requirement that the defendant knew he was in custody on a felony charge. The state argues that the plain language of § 53-171 and the case law do not require that the defendant know he is in custody for having committed a felony. We agree with the state.

"[I]in order to conclude that the jury acted in a fair manner, we must first conclude that a basic instruction was given that included an identification of each and every essential element for which the state has the burden of proof beyond a reasonable doubt. . . . Failure to charge on an essential element of a crime is a constitutional defect." (Citations omitted.) *State* v. *Laws*, 37 Conn. App. 276, 287, 655 A.2d 1131, cert. denied, 234 Conn. 907, 659 A.2d 1210 (1995). To determine the essential elements of the crime of attempt to commit escape from custody, we must interpret the relevant statutes. "The process of statutory interpretation involves the determination of the meaning of the statutory language as applied to the facts of the case, including the question of whether the language does so apply. . . . When construing a statute, [o]ur fundamental objective is to ascertain and give effect to the apparent intent of the legislature. . . . In other words, we seek to determine, in a reasoned manner, the meaning of the statutory language as applied to the facts of [the]

case, including the question of whether the language actually does apply. . . . In seeking to determine that meaning, General Statutes § 1-2z directs us first to consider the text of the statute itself and its relationship to other statutes. If, after examining such text and considering such relationship, the meaning of such text is plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be considered." (Internal quotation marks omitted.) *State* v. *Custer*, 110 Conn. App. 836, 840, 956 A.2d 604 (2008).

General Statutes § 53a-171 (a) provides in relevant part that "[a] person is guilty of escape from custody if such person (1) escapes from custody . . . ." Subsection (b) adds a sentence enhancement for persons escaping when they are charged with or convicted of a felony: "If a person has been arrested for, charged with or convicted of a felony, escape from such custody is a class C felony, otherwise, escape from custody is a class A misdemeanor." General Statutes § 53a-171 (b). Custody is defined by General Statutes § 53a-168 (2) as "restraint by a public servant pursuant to an arrest or court order . . . ." Specifically, "[t]he state's burden of proof for a conviction of escape from custody was to prove that the defendant was in custody, that he escaped from that custody, that the custody was pursuant to an arrest, and, for purposes of classification as a class C felony rather than a class A misdemeanor, that the escape was the result of being arrested for, charged with, or convicted of, a felony." *State* v. *Laws*, supra, 37 Conn. App. 285. As discussed in part I, "A person is guilty of an attempt to commit a crime if, acting with the kind of mental state required for commission of the crime, he . . . (2) intentionally does or omits to do anything which, under the circumstances as he believes them to be, is an act or omission constituting a substantial step in a course of conduct planned

to culminate in his commission of the crime." General Statutes § 53a-49 (a). The plain language of § 53a-171 is clear, and knowledge of being charged with a felony, rather than a misdemeanor, is not an essential element. Therefore, the court properly instructed the jury when it did not add knowledge of a felony charge as an element of the crime.

The judgment is affirmed.

In this opinion the other judges concurred.