WILLIAM KUMAH ET AL. *v.* LEO BROWN ET AL.
(AC 32977)

Bishop, Lavine and Robinson, Js.

Argued May 23—officially released July 26, 2011

*Kathleen Eldergill,* for the appellants (plaintiffs).

*Kate J. Boucher,* with whom was *Michael Kenny,* for the appellees (named defendant et al.).

*Opinion*

BISHOP, J. In this negligence action, the plaintiffs, William Kumah (Kumah) and Keziah Kumah, appeal from the summary judgment of the trial court rendered in favor of the defendants Leo Brown and Swift Transportation Company, Inc.[1] On appeal, the plaintiffs claim

---

[1] The plaintiffs also brought this action against Sparks Finance Company and the town of Greenwich. For the purposes of this appeal, however, Brown and Swift Transportation Company, Inc., which was Brown's employer at the time, are the sole defendants of interest, and we, therefore, refer to them as the defendants.

that the court improperly determined that, as a matter of law, the defendants' actions were not the proximate cause of the plaintiffs' injuries.[2] We affirm the judgment of the trial court.

The record reveals the following undisputed facts and procedural history. At 1:50 a.m. on September 3, 2006, Brown was operating a tractor trailer truck in a southerly direction on the Mianus River Bridge on Interstate 95 in Greenwich. He lost control of the tractor trailer, struck a Jersey barrier and bridge railing, and eventually came to a stop in the right and center lanes of Interstate 95. The impact caused approximately thirty-five gallons of diesel fuel to leak onto the highway. In addition to the state police, emergency vehicles from the Greenwich fire department, the Cos Cob volunteer fire police patrol (Cos Cob patrol) and the Connecticut department of environmental protection responded to the scene. Several rear-end collisions occurred in the ensuing traffic jam, and the emergency responders temporarily closed Interstate 95 while the Cos Cob patrol set up an emergency traffic pattern. The Cos Cob patrol parked its fire truck diagonally, with its lights illuminated, across the center and right lanes of Interstate 95 and also placed safety cones and flares along the approach diagonally to direct traffic into the left lane. Brown's truck also was removed from the traveled portion of the highway during this time. With the traffic pattern in place, the left lane was reopened while the emergency responders continued to clean up the diesel fuel spill. Subsequently, the traffic jam fully dispersed. Thereafter, at 4:10 a.m., Kumah, who was approaching

---

[2] The plaintiffs also claim that the court improperly determined that their injuries were not a reasonably foreseeable result of the defendants' conduct, and, therefore, the defendants did not owe them a legal duty of care. Because we conclude that the plaintiffs presented no material facts from which a fact finder reasonably could find that the defendants' actions were a proximate cause of the plaintiffs' injuries, we need not reach this claim. See State v. Custer, 110 Conn. App. 836, 839 n.4, 956 A.2d 604 (2008).

the scene of the accident southbound in his automobile, skidded through the safety cones, rotated and collided with the parked fire truck and then the bridge railing, sustaining severe physical injuries as a result.

Subsequently, the plaintiffs commenced this action against the defendants. In support of their claims, the plaintiffs alleged that Brown was negligent in his operation of the tractor trailer truck and that they suffered physical injuries and loss of spousal consortium as a result.[3] On July 26, 2010, the defendants filed a motion for summary judgment arguing that, as a matter of law, Brown did not owe a duty of care to the plaintiffs and his actions were not a proximate cause of the plaintiffs' alleged injuries. The court granted the motion in an order on November 26, 2010, stating that "as a matter of law, [Kumah's] collision with an emergency vehicle several hours after [Brown's] accident was not reasonably foreseeable nor was it the proximate cause of [Kumah's] accident and injuries." This appeal followed.

We begin with the well settled standards governing our review of a trial court's decision to grant a motion for summary judgment. "Practice Book § 17-49 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party moving for summary judgment has the burden of showing the absence of any genuine issue of material

---

[3] In their complaint, the plaintiffs alleged that Brown was negligent in the following ways: he failed to keep his vehicle under proper and reasonable control, he was operating his vehicle at an unreasonable rate of speed under the conditions and/or in violation of General Statutes § 14-218a, he failed to apply his brakes in time to avoid a collision, and/or he failed to drive in the established lane in violation of General Statutes § 14-236.

fact and that the party is, therefore, entitled to judgment as a matter of law. . . .

"[T]he trial court does not sit as the trier of fact when ruling on a motion for summary judgment . . . . [Its] function is not to decide issues of material fact, but rather to determine whether any such issues exist. . . . On appeal, we must determine whether the legal conclusions reached by the trial court are legally and logically correct and whether they find support in the facts [that appear in the record]. . . . Our review of the trial court's decision to grant [a] motion for summary judgment is plenary." (Internal quotation marks omitted.) *Roy* v. *Bachmann*, 121 Conn. App. 220, 223, 994 A.2d 676 (2010).

We turn next to the principles of causation. Causation is an essential element of a cause of action in negligence. *Winn* v. *Posades*, 281 Conn. 50, 56, 913 A.2d 407 (2007). "[A] plaintiff must establish that the defendant's conduct legally caused the injuries. . . . The first component of legal cause is causation in fact. Causation in fact is the purest legal application of . . . legal cause. The test for cause in fact is, simply, would the injury have occurred were it not for the actor's conduct. . . . The second component of legal cause is proximate cause . . . . [T]he test of proximate cause is whether the defendant's conduct is a substantial factor in bringing about the plaintiff's injuries. . . . Further, it is the plaintiff who bears the burden to prove an unbroken sequence of events that tied his injuries to the [defendant's conduct]. . . . The existence of the proximate cause of an injury is determined by looking from the injury to the negligent act complained of for the necessary causal connection. . . . This causal connection must be based upon more than conjecture and surmise." (Internal quotation marks omitted.) Id., 56–57.

In addition to the substantial factor test of causation, the plaintiffs urge this court to apply a scope of foreseeable risk test in our present analysis. In that vein, they contend that the harm suffered by Kumah when he collided with the emergency responders was within the scope of the risk created by Brown's failure to control his vehicle, i.e., that a harm of this general nature was reasonably foreseeable.

We recognize that our decisional law has discussed foreseeability in connection with causation. In *Doe* v. *Manheimer*, 212 Conn. 748, 758, 563 A.2d 699 (1989), overruled in part on other grounds by *Stewart* v. *Federated Dept. Stores, Inc.*, 234 Conn. 597, 608, 662 A.2d 753 (1995), our Supreme Court stated that "the substantial factor test, in truth, reflects the inquiry fundamental to all proximate cause questions; that is, whether the harm which occurred was of the same general nature as the foreseeable risk created by the defendant's negligence." (Internal quotation marks omitted.) In a similar formulation, the Supreme Court also stated: "The fundamental inquiry of proximate cause is whether the harm that occurred was within the scope of foreseeable risk created by the defendant's negligent conduct." *First Federal Savings & Loan Assn. of Rochester* v. *Charter Appraisal Co.*, 247 Conn. 597, 604, 724 A.2d 497 (1999). Variations on this theme have been cited with some frequency. See, e.g., *Artie's Auto Body, Inc.* v. *Hartford Fire Ins. Co.*, 287 Conn. 208, 947 A.2d 320 (2008).

Notwithstanding these precedential formulations, we also recognize that the language "harm of the general nature" originally derives from our Supreme Court's jurisprudence concerning duty of care, not causation. "The ultimate test of the existence of a duty to use care is found in the foreseeability that harm may result if it is not exercised. . . . By that is not meant that one charged with negligence must be found actually to have foreseen the probability of harm or that the particular

injury which resulted was foreseeable, but the test is, would the ordinary man in the defendant's position, knowing what he knew or should have known, anticipate that harm of the general nature of that suffered was likely to result?" (Citation omitted.) *Orlo* v. *Connecticut Co.*, 128 Conn. 231, 237, 21 A.2d 402 (1941). This language is now a central feature of the formal, two part test of duty of care. See *Zamstein* v. *Marvasti*, 240 Conn. 549, 558, 692 A.2d 781 (1997). Furthermore, we note that although foreseeability conventionally has been intertwined with causation as well as with duty; see *RK Constructors, Inc.* v. *Fusco Corp.*, 231 Conn. 381, 387 n.4, 650 A.2d 153 (1994); our Supreme Court expressly has stated that an issue of foreseeability "is more appropriately resolved as a question of duty." *Lodge* v. *Arett Sales Corp.*, 246 Conn. 563, 575 n.10, 717 A.2d 215 (1998). In light of this precedential authority, we eschew the application of a foreseeability test in the present examination of proximate cause and focus our analysis, instead, on whether the plaintiff has alleged negligent acts by Brown that a reasonable fact finder could find to have been a substantial factor in causing Kumah's injuries.

In making this analysis, we are aware that issues of proximate cause may be determined by way of summary judgment only in rare circumstances. "[T]he question of proximate causation generally belongs to the trier of fact because causation is essentially a factual issue. . . . It becomes a conclusion of law only when the mind of a fair and reasonable [person] could reach only one conclusion; if there is room for a reasonable disagreement the question is one to be determined by the trier as a matter of fact." (Internal quotation marks omitted.) *Alexander* v. *Vernon*, 101 Conn. App. 477, 485, 923 A.2d 748 (2007). Accordingly, we look for guidance in opinions in which this court has concluded that the

issue of proximate cause may be determined as a matter of law.

In *Coste* v. *Riverside Motors, Inc.*, 24 Conn. App. 109, 585 A.2d 1263 (1991), this court considered a case in which an employer refused his employee's request to leave work early due to a snowstorm. As the employee was driving home, he lost control of his automobile on the icy road and collided with an oncoming vehicle, sustaining serious injuries. Id., 110–11. The trial court granted the employer's motion to strike the employee's complaint on the ground that the allegation of causation was not legally sufficient. Id., 111. In affirming the decision, this court reasoned that "[c]onjecture exists as to whether the harm to the plaintiff would have ensued had the plaintiff completed his assigned work earlier, and, therefore, could have left earlier when driving conditions may have been better. Conjecture also exists as to whether the accident would have occurred had the road been better sanded or plowed, or had the plaintiff taken another route home, or had he driven a different make and model car, or had he been a better driver." Id., 115. Considering the many variables that contributed to the collision, this court determined in *Coste* that the employer's conduct was too inconsequential to rise to the level of a proximate cause. Id.

In similarly attenuated circumstances, this court concluded that the trial court should have directed a verdict for the defendant condominium association where the mechanical failure of an intercom system could not reasonably have been found to be a proximate cause of an attack that occurred as the plaintiff was waiting outside the door to an apartment building. *Medcalf* v. *Washington Heights Condominium Assn., Inc.*, 57 Conn. App. 12, 18, 747 A.2d 532, cert. denied, 253 Conn. 923, 754 A.2d 797 (2000). Also, in *Alexander* v. *Vernon*, supra, 101 Conn. App. 490–91, this court found a lack of proximate cause where the estate of a wife who

was killed by her estranged husband alleged that police officers were negligent in not protecting the wife and not arresting the husband. The police had responded to the wife's complaints of domestic violence by recommending that she leave the residence while they attempted to locate her husband. Id., 480. They failed to locate him, and two days later he broke into her mother's house, where she was staying, and killed her. Id., 481. This court affirmed the summary judgment granted by the trial court on the ground that it would have required mere conjecture for a fact finder to conclude that the murder would have been prevented had the police acted differently. Id., 490–91.

In the case at hand, connecting Brown's alleged negligent acts to the harm suffered by the plaintiffs would require similar conjecture. By the time Kumah collided with the fire truck, Brown's truck had been removed from the traveled portion of the highway. While some diesel fuel spill remained, conjecture exists as to whether Kumah would have crashed if he had encountered it. Conjecture also exists as to whether the collision would have occurred had the Cos Cob patrol set up the traffic pattern differently, such as with taller cones, with a longer approach and with the fire truck configured so as to display the lights more prominently; or had Kumah been driving more carefully. "Remote or trivial [actual] causes are generally rejected because the determination of the responsibility for another's injury is much too important to be distracted by explorations for obscure consequences or inconsequential causes. . . . In determining proximate cause, the point beyond which the law declines to trace a series of events that exist along a chain signifying actual causation is a matter of fair judgment and a rough sense of justice." (Citation omitted; internal quotation marks omitted.) *Paige* v. *St. Andrew's Roman Catholic Church Corp.*, 250 Conn. 14, 25, 734 A.2d 85 (1999). Finally, we note

that nowhere do the plaintiffs allege that Brown had any control over the accident scene at the time of Kumah's collision into the fire truck or in any way contributed to the configuration of the fire truck and warning lights and cones. Rather, the plaintiffs' allegations against the defendants relate, in their entirety, to Brown's conduct in losing control of his tractor trailer truck earlier in the morning. Considering the many variables attendant to the plaintiffs' allegations, we conclude that no reasonable fact finder could find that Brown's conduct, as alleged by the plaintiffs, had a sufficient nexus to Kumah's collision to be a substantial factor in bringing about the plaintiffs' injuries.

We find further support for this conclusion in the Restatement (Second) of Torts, § 433 (a), which provides that an important consideration in determining whether an actor's conduct was a substantial factor in bringing about another's harm is "the number of other factors which contribute in producing the harm and the extent of the effect which they have in producing it . . . ."[4] 2 Restatement (Second), Torts, Legal Cause § 433, p. 432 (1965). Comment (d) to this section amplifies: "Some other event which is a contributing factor in producing the harm may have such a predominant effect in bringing it about as to make the effect of the actor's negligence insignificant and, therefore, to prevent it from being a substantial factor. So too, although no one of the contributing factors may have such a predominant effect, their combined effect may, as it were, so dilute the effects of the actor's negligence as to prevent it from being a substantial factor." Id., comment (d), p. 433. In the present case, we conclude

---

[4] Our courts have relied on the Restatement for guidance in determining whether an actor's conduct was a substantial factor in producing harm to another. See, e.g., *Collins* v. *City National Bank & Trust Co.*, 131 Conn. 167, 171, 38 A.2d 582 (1944) (citing Restatement [Second], Torts §§ 433 [b] and 447).

that the actions of the Cos Cob patrol and Kumah had just such a diluting effect.

In summary, this case presents one of the rare circumstances in which the trial court properly may find a lack of proximate cause as a matter of law because "the mind of a fair and reasonable [person] could reach only one conclusion . . . ." (Internal quotation marks omitted.) *Alexander* v. *Vernon,* supra, 101 Conn. App. 485. We conclude that there are no material facts at issue that could permit a trier of fact to draw an unbroken line of causation between Brown's operation of his vehicle at 1:50 a.m. and Kumah's collision with the fire truck at 4:10 a.m., and, therefore, Brown's actions were not a proximate cause of the plaintiffs' injuries. Because causation is an essential element of any negligence action, we need not address the court's alternative ground for rendering summary judgment.

The judgment is affirmed.

In this opinion the other judges concurred.